UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

                              Case No. 3:15-bk-01085-JAF

JERRY L. RUSSELL and         Chapter 11
LYNN M. RUSSELL,

                Debtors.

_____/

**PLAN OF REORGANIZATION
FOR JERRY L. RUSSELL AND
LYNN M. RUSSELL**

/s/ Thomas C. Adam
Thomas C. Adam, Esq.
Florida Bar No. 648711
ADAM LAW GROUP, P.A.
301 W. Bay Street, Suite 1430
Jacksonville, FL 32202
(904) 329-7249
(904) 516-9230 facsimile
tadam@adamlawgroup.com

*Counsel for Plan Proponents*

**Dated: March 23, 2016**

## ARTICLE I
## SUMMARY

This First Amended Plan of Reorganization (the "Plan") is filed in accordance with Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") by Jerry L. Russell and Lynn M. Russell (the "Debtors"), and proposes to value and re-amortize certain parcels of real property as discussed below and provide for payment on account of unsecured claims. The Debtors are the proponents of the Plan within the meaning of Section 1129 of the Bankruptcy Code.

This Plan provides for one (1) class of priority claims; three (3) classes of secured claims; and one (1) class of general unsecured claims. Class five (5) unsecured creditors holding allowed claims will receive distribution under this Plan on a pro rata basis on the effective date of the plan. This Plan also provides for the payment of administrative and priority claims either upon the effective date of the Plan, as agreed or as allowed under the Bankruptcy Code.  All creditors should refer to Articles II through X of this Plan for information regarding the precise treatment of their claim. The disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders is circulated with this Plan (the "Disclosure Statement"). **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one).**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTEREST

**2.01**    **Class 1.**        All allowed claims entitled to priority under Section 507 of the Bankruptcy Code (except administrative expense claims under Sections 507(a)(2)), and priority tax claims under Section 507(a)(8).

**2.02**    **Class 2.**        The claim of or serviced by Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-18 (Account Ending in #7658) secured by real property located at 736 S. Fletcher Avenue, Fernandina Beach, FL 32034 to the extend allowed a secured claim under Section 506 of the Bankruptcy Code.

**2.03**    **Class 3.**        The claim of or serviced by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (Account Ending in #9241) secured by real property located at 912 S. Fletcher Avenue, Fernandina Beach, FL 32034 to the extend allowed a secured claim under Section 506 of the Bankruptcy Code

**2.04**    **Class 4**.        The claim of or serviced by Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, its trustee (Account Ending in #3483) secured by real property located at 2180 S. Fletcher Avenue,

Fernandina Beach, FL 32034 to the extend allowed a secured claim under Section 506 of the Bankruptcy Code

**2.05   Class 5.**     All unsecured claims allowed under Section 502 of the Bankruptcy Code including any deficiency claims that may arise as a result of treatment of Classes 2-4 creditors.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS
## U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

3.01   <u>Unclassified Claims</u>.   Under Section 1123(a)(1), administrative expense claims and priority tax claims are not considered as "class" under the Bankruptcy Code.

3.02   <u>Administrative Expense Claims</u>.   Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   <u>Priority Tax Claims</u>.   Each holder of a priority tax claim will be paid in regular monthly installments the total value of such claim as of the effective date of the Plan, equal to the allowed amount of such claim over a period ending five years from the effective date of the Plan.

3.04   <u>United States Trustee Fees</u>.   All fees required to be paid by 28 U.S.C. § 1930(a)(6) (the "U.S. Trustee Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01   Claims and interest shall be treated as follows under this Plan:

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| Class 1 – Priority Claims | Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a non-final appealable order, except tax claims that will be paid over sixty (60) months at the |

| | | | |
|---|---|---|---|
| | | | statutory interest rate. |
| Class 2 – Secured Claim of or Serviced by Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, as Trustee for Normandy Mortgage Loan Trust, Series 2013-18<br><br>Account  *****7658 | Impaired | | Class 2 is impaired by this Plan.<br><br>This Plan values the holder's interest and the estate's interest in real property and improvements located at 736 S. Fletcher Avenue, Fernandina Beach, FL 32034 at $566,093.00.<br><br>The holder of the Class 2 claim will receive deferred cash payments equal to $566,093.00 on a monthly basis amortizing over thirty (30) years at an annual interest rate of 3.5% with monthly payments of $2,542.01.<br><br>The Debtors shall be responsible for payment of all property taxes and insurance directly to the relevant insurance carrier or taxing authority. |
| Class 3 – Secured Claim of or Serviced by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>Account  *****9241 | Impaired | | Class 3 is impaired by this Plan.<br><br>This Plan values the holder's interest and the estate's interest in real property and improvements located at 912 S. Fletcher Avenue, Fernandina Beach, FL 32034 at $428,588.00.<br><br>The holder of the Class 3 claim will receive deferred cash payments equal to $428,588.00 on a monthly basis amortizing over thirty (30) years at an annual interest rate of 3.5% with monthly payments of $1,924.55.<br><br>The Debtors shall be |

| | | responsible for payment of all property taxes and insurance directly to the relevant insurance carrier or taxing authority. |
|---|---|---|
| Class 4 - Secured Claim of or Serviced by Ventures Trust 2013-I-H-R by MCM Capital Partners, LLC, its trustee<br><br>Account *****3483 | Impaired | Class 4 is impaired by this Plan.<br><br>This Plan values the holder's interest and the estate's interest in real property and improvements located at 2180 S. Fletcher Avenue, Fernandina Beach, FL 32034 at $801,054.00.<br><br>The holder of the Class 4 claim will receive deferred cash payments equal to $801,054.00 on a monthly basis amortizing over thirty (30) years at an annual interest rate of 3.5% with monthly payments of $3,597.09.<br><br>The Debtors shall be responsible for payment of all property taxes and insurance directly to the relevant insurance carrier or taxing authority. |
| Class 5 –<br>General Unsecured Claims | Impaired | Class 5 is impaired by this Plan.<br><br>The holders of Class 11 claims will receive $44,000.00 on a pro-rata basis on the Effective Date of this Plan. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim.   A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: i) a proof of claim has been filed or deemed filed, and the Debtor or another party has filed an objection; or ii) no proof of

claim has been filed, and the Debtor have scheduled such claim as disputed, contingent or un-liquidated.

5.02    Delay of Distribution on a Disputed Claim.    No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.    The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtors assume the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

The Debtors currently implement short-term leases or rental agreements for their three vacation rental properties ranging anywhere from one (1) night to two (2) weeks.  The Debtors intend to accept and assume any executory contracts and unexpired leases existing on any of the vacation rental properties.  The Debtors intend to initiate new short-term leases and rental agreements as necessary to sustain their current monthly income revenue levels.

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01 of this Plan or before the date of the order confirming this Plan.  **A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.**

## ARTICLE VII
## MEANS FOR IMPLEMENTAION OF THIS PLAN

7.01    Property of the Estate; Release of Liens.    The Debtor will retain all property of the estate and such property shall re-vest in the Debtor at discharge.  Thereafter, the Debtor may use, acquire and dispose of his property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Court.  As of the effective date of this Plan, all property retained by the Debtor and sold shall be free and clear of any and all liens and interests except as specifically provided in the Plan or the order confirming the Plan.

7.02    Duty to Correctly Credit Payments/Debtor Payments Considered Made Under the Plan.  Confirmation of this Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust to recalibrate any accounting system designed to account for distributions made under this Plan to the value of each claim as provided under this Plan and to apply the direct post-petition monthly payments paid on account of the Debtor to the month in which each payment was paid, whether or not such

payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.  All payments made to any creditors on account of the Debtor after confirmation of this Plan shall be considered made under this Plan regardless of whether the this Case is substantially consummated, a final decree is entered, and closed.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01   <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan and as are generally understood.

8.02   <u>Effective Date</u>.  The Debtor will continue to operate as Debtor-in-possession during the period from the date the order confirming this Plan is entered (the "Confirmation Date") through and until the effective date, which will be fourteen (14) days after the Confirmation Date (the "Effective Date").

8.03   <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

**9.01.   <u>Discharge</u>. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of payments to Class 11, or as otherwise provided in §§ 524(i) and 1141(d)(5) of the Bankruptcy Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Bankruptcy Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.**

## ARTICLE X
## <u>OTHER PROVISIONS</u>

10.01  <u>Payments</u>.  Payments to the various Classes under this Plan shall commence twenty (20) days after the Effective Date of the Plan unless otherwise specifically stated in the Confirmation Order.

10.02  <u>Payments for Property Taxes and Property Insurance</u>.  Unless otherwise provided for by this Plan or any order confirming this Plan, the Plan Proponent shall pay all property taxes and property insurance directly to the relevant taxing authorities and insurance providers.  Any and all agreements for the establishment of escrow accounts are deemed rejected by this Plan, unless specifically assumed.  Confirmation of this Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust (hereinafter referred collectively as the "Secured Classes and individually as the "Secured Class") to cancel any and all escrow accounts that are deemed rejected by this Plan.  The Secured Classes must assert and claim repayment for any escrow advances paid on account of property taxes or property insurance prior to the entry of any order confirming this Plan, or payment by the Plan Proponent for any escrow advances shall be deemed waived.

10.03  <u>Default Provisions</u>.  The due date of any deferred cash payment required under the Plan as to the Secured Classes shall be the first (1st) day of each month beginning on the month immediately following the effective date of the Plan (the "Payment Due Date").  There shall be a fifteen (15) day grace period for any deferred cash payment required by the Plan without penalty, fee or other charge (the "Grace Period").  Collectively, the Payment Due Date and the Grace Period are referred to herein as the Permissible Payment Period.  In the event that any deferred cash payment required by the Plan is not made within the Permissible Payment Period, the Debtor shall be in default under this Plan as to the relevant secured claim ("Default").  Prior to enforcing the lien encumbering the collateral, the holder of the secured claim shall give written notice directly to the Debtor.

The notice shall specify: (a) the Default; (b) the action required to cure the Default; (c) a date, not less than 30 days from the date the notice is given to the Debtor, by which the Default must be cured; and (d) that failure to cure the Default on or before the date specified in the notice may result in foreclosure of the lien encumbering the collateral.

If the Default is not cured on or before the date specified in the notice, the holder of the secured claim may, at its option, require immediate payment in full of all sums secured by the collateral, as determined by any order confirming the Plan, without further demand and may foreclose upon its lien by judicial proceeding.

10.04  <u>Partial Pre-Payment Provisions</u>.  The Debtor shall be entitled to pay any portion (or all) of the principal outstanding with regard to the secured claims, as determined by the Confirmed Plan, at any time without penalty.  Pre-payment of any principal as to the secured claims shall not affect the payment due on any given Due Date or the payment schedule set forth in the exhibits to the Plan (the "Exhibits"), except that any principal pre-paid shall be deducted from the last principal portion of the payment due under the payment schedule set forth in the

exhibits, with the interest portion deemed satisfied (the "Partial Pre-Payment").  In the event that the collateral is sold or the balance outstanding on any given date is paid by refinance or otherwise, the principal outstanding to be satisfied as to the secured claim shall include the amount outstanding as to the secured claim as valued by this Plan after application of all payments made pursuant to the Plan.

Respectfully submitted on March 23, 2016.

> /s/ Thomas C. Adam
> Thomas C. Adam, Esq.
> Florida Bar No. 648711
> ADAM LAW GROUP, P.A.
> 301 W. Bay Street, Suite 1430
> Jacksonville, FL 32202
> (904) 329-7249
> (904) 516-9230 facsimile
> tadam@adamlawgroup.com
>
> *Counsel to Plan Proponents*